IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KATHY REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 119-029 |
| ) | |
| JASON MEDLIN; JEANICE BARRETT; ) | |
| RICHMOND COUNTY SCHOOL SYSTEM; ) | |
| FLETCHER, HARLEY & FLETCHER, LLP; ) | |
| RICHMOND COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.  SCREENING OF THE COMPLAINT

### A.  BACKGROUND

Plaintiff names as Defendants (1) Jason Medlin; (2) Jeanice Barrett; (3) Richmond County School System; (4) Fletcher, Harley & Fletcher, LLP; and (5) Richmond County

Board of Education. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a high school teacher at Richmond Academy, which is in the Richmond County School System. (Id. at 2.) Defendant Jason Medlin is the principal of Richmond Academy and Defendant Jeanice Barrett is the bookkeeper. (Id.) On February 11, 2019, Ms. Barrett sent Plaintiff an email regarding recent Certificates of Absences ("COAs") submitted to payroll without Plaintiff's signature. (Id. at 3.) Ms. Barrett submitted the COAs, dated January 11, 2019, to payroll on February 6, 2019, but were not sent to Plaintiff to be signed until February 11, 2019. (Id.) Plaintiff requested the opportunity to inspect the documents prior to signing them. (Id.) Upon her review, she found multiple issues with the COAs, such as being backdated, being keyed in electronically before submission to Plaintiff, no signature, and the hours were not exact. (Id.) Plaintiff alleges Mr. Medlin and Ms. Barrett tried to conceal these discrepancies by telling Plaintiff the hours on the COAs were correct and there was no reason to question it. (Id.) Mr. Medlin also stated Ms. Barrett submitted the COAs to payroll without giving Plaintiff a chance to review them first. (Id.)

On February 19, 2019, Plaintiff filed a complaint with the Department of Labor, Wage and Hours Division, about the discrepancies in her pay and the falsified payroll documents. (Id.) Plaintiff then asked Mr. Medlin to return all her money to her account, and Mr. Medlin responded by ordering Plaintiff to sign the COAs. (Id.) Plaintiff said she would not sign them, and Mr. Medlin threatened Plaintiff with disciplinary action. (Id.) Mr. Medlin also threatened to take disciplinary action against Plaintiff for September 2018 COAs. On February 5, 2019, Mr. Medlin pulled Plaintiff out of teaching her class to discuss

the January 2019 COAs and tried to force Plaintiff to sign a document written by Mr. Medlin stating she agreed with his actions. (Id.)

Plaintiff told Mr. Medlin that Ms. Barrett's actions constituted fraud and theft by deception, and she threatened to file a complaint against the school system if the money was not in her account by February 29, 2019. (Id.) At some point, Plaintiff sent an email to Mr. Medlin with several unanswered questions concerning the discrepancies in the COAs. (Id.) Mr. Medlin refused to answer the questions and insisted Plaintiff sign the COAs. (Id.)

Plaintiff alleges Defendants Medlin and Barrett's actions constitute harassment that began in September 2018 when Plaintiff overheard Defendants Medlin and Barrett talking negatively about her and another teacher, who was pregnant at the time and no longer works at the school. (Id. at 4.) Up to the date of filing this case, no one has explained to Plaintiff why Ms. Barrett fraudulently backdated documents to payroll that docked her pay or why Ms. Barrett put February absences on January forms or January absences on November forms. (Id.) Plaintiff alleges Defendants Medlin and Richmond County School System's ongoing actions constitute workplace harassment, and Plaintiff has a problem with Ms. Barrett every day. (Id.) Plaintiff further alleges she is harassed every day by Defendants Medlin and Richmond County School System.

Plaintiff seeks an injunction against Defendants Barrett, Medlin, and Richmond County School System for fraudulently submitting documents to payroll and deducting money out of her check without her knowledge. (Id.) Additionally, she seeks back pay, front pay, attorney's fees, punitive damages, and special damages in excess of two million dollars from each Defendant individually and in their professional capacity. (Id.)

3

**B.     DISCUSSION**

   **1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Fletcher, Harley & Fletcher, LLP

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's only mention of Defendants Fletcher, Harley & Fletcher, LLP, is in the caption. (Doc. no. 1, p. 1.) Because Plaintiff alleges no facts regarding Defendants Fletcher, Harley & Fletcher, LLP, she fails to state a claim against them.

### 3. Plaintiff Fails to State a Title VII Claim Against Defendants

To the extent Plaintiff is attempting to assert a Title VII employment discrimination claim against Defendants, she fails to state a claim. Prior to bringing a claim of employment discrimination under Title VII, a plaintiff is required to exhaust available administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). Generally, as

5

an initial step, the aggrieved employee must file a charge of discrimination with the EEOC and receive a right-to-sue letter. Id.; see also 42 U.S.C. § 2000e-5(f)(1) (requiring charges be filed within ninety days of issuance of a right-to-sue letter). The receipt of the right-to-sue letter is not a jurisdictional requirement, but rather a statutory prerequisite subject to equitable defenses. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding prerequisite of obtaining a right-to-sue letter is subject to waiver, estoppel, and equitable tolling); Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1569 (11th Cir. 1996) ("[R]eceipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification."). However, the failure to file a claim with the EEOC may bar a plaintiff from bringing suit. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 n.6 (1984); Hines v. Widnall, 334 F.3d 1253, 1257 (11th Cir. 2003).

Reviewing Plaintiff's complaint, she has not alleged to have filed a charge with the EEOC, let alone received a right-to-sue letter. (See doc. no. 1.) Because receipt of an EEOC right to sue letter is a statutory prerequisite to a Title VII employment discrimination case, Plaintiff complaint fails to state a valid Title VII claim. Zipes, 455 U.S. at 393.

### 4. Plaintiff Also Fails to State a § 1981 Claim Against Defendants

Although Plaintiff styles her complaint to include claims under 42 U.S.C. § 1982 and 1983, (see doc. no. 1, p. 2), her claims are more readily cognizable under 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .," and it broadly protects "the making, performance, modification, and termination of contracts, and the

enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 provides similar protections as those provided under Title VII in the employment context. Davis v. Auburn Bank, 704 F. app'x 837, 842-43 n.5 (11th Cir. 2017) ("Claims for race-based discrimination, retaliation, and hostile work environments are cognizable under § 1981.").

First, Plaintiff alleges Defendants' actions constitute a claim for retaliation. (Doc. no. 1, p. 2.) A plaintiff alleging a retaliation claim establishes a prima facie case by showing: "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment action; and (3) [s]he established a causal link between the protected activity and the adverse action." Bryant v. Jones, 575 F.3d 1281, 1307-08 (11th Cir. 2009) (citation omitted). Plaintiff has not alleged any fact to support her claim for retaliation. She did not allege what activity she participated in that was statutorily protected, and she does not allege any causal connection between such activities and her pay being docked. At most, she alleges her pay was docked some unknown amount at some unknown time, and Mr. Medlin threatened, but never carried out, some form of disciplinary action against her for not signing the COAs. (Doc. no. 1, p. 3-4.) Thus, Plaintiff fails to state a valid retaliation claim.

Second, Plaintiff fails to state a hostile work environment claim under § 1981. Plaintiff alleges Defendants committed workplace harassment by talking negatively about her, docking her pay, and generally "harassed [her] on a constant basis." (Id.) For a hostile work environment claim, a plaintiff must show:

> (1) that [she] belongs to a protected group; (2) that [she] has been subject to unwelcome harassment; (3) that the harassment[was] based on a protected characteristic of the employee, such as national origin; (4) that the harassment was

7

> sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

Bryant, 575 F.3d at 1296 (quotation omitted). Plaintiff has failed to allege any incidents of harassment based on any particular characteristic or that she belonged to a protected group. As such, her claim fails to meet even the most basic requirements of a § 1981 hostile work environment claim. Id.

### 5. Any Potential State Law Claims Should Be Dismissed

To the extent Plaintiff may have any viable state law claims regarding the events alleged in her complaint, those should be dismissed so Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1331 provides the Court authority to rule in a § 1981 case. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no

independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims Plaintiff believes she may have should be dismissed so she may, if she chooses, pursue them in state court.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of May, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA